S. CHANDLER VISHER S.B.N. 52957
LAW OFFICES OF S. CHANDLER VISHER
268 Bush St., #4500
San Francisco, California 94104
Telephone: (415) 901-0500
Facsimile: (415) 901-0504
chandler@visherlaw.com

Local Counsel for Plaintiff

RYAN M. KELLY (*Pro Hac Vice Admitted*)
ANDERSON & WANCA
3701 Algonquin Road, Ste 500
Rolling Meadows, IL 60008
Telephone: (847)368-1500
Facsimile: (847)368-1501
rkelly@andersonwanca.com

Counsel for Plaintiff

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ERIC B. FROMER CHIROPRACTIC, INC., a California corporation, individually and as the representative of a class of similarly-situated persons,<br><br>  Plaintiff,<br><br>v.<br><br>BETTERDOCTOR, INC. and QUEST ANALYTICS, L.L.C.,<br><br>  Defendants. | **Case No.   3:20-cv-06131**<br><br>**<u>CLASS ACTION</u>**<br><br>**JOINT REQUEST FOR DISMISSAL OF INDIVIDUAL CLAIMS WITH PREJUDICE AND DISMISSAL OF CLASS CLAIMS WITHOUT PREJUDICE, WITH PROPOSED ORDER**<br><br>Complaint filed: August 31, 2020<br><br>Judge: Hon. Vince Chhabria<br><br>Trial date: Not Set |

## INTRODUCTION

Plaintiff, ERIC B. FROMER CHIROPRACTIC, INC. ("Plaintiff"), and Defendants, BETTERDOCTOR, INC. and QUEST ANALYTICS, L.L.C. ("Defendants") (jointly the "Parties"), by and through their respective counsel of record in this case, hereby jointly request dismissal, with prejudice, of the individual claims of Plaintiff. The Parties also request dismissal, without prejudice, of the putative class claims of the unnamed class members. This Request is made because Plaintiff no longer wishes to pursue its individual claims. No consideration is being given to Plaintiff or its counsel in exchange for the dismissal, and all Parties have agreed to bear their own costs. The proposed class has not been certified and the putative class members will not be prejudiced by the dismissal because their respective rights are not affected thereby. As such, the Parties respectfully request the Court dismiss this action as jointly requested herein without notice.

## PROCEDURAL HISTORY

This case is a proposed consumer class action against Defendants. Defendants have not yet responded to Plaintiff's complaint. However, Defendants were prepared to file a motion to dismiss if Plaintiff did not move to dismiss the lawsuit. Among other things, prior to the deadline to move to dismiss, Defendants provided Plaintiff with evidence that Defendants believe establish that the facsimile at issue was not unsolicited.

The matter has been resolved as to the named Plaintiff only. The Parties propose dismissal with prejudice of its individual claims against Defendants with a mutual release and waiver of costs and fees. The Parties further propose to dismiss the class claims without prejudice. No additional consideration, monetary or otherwise, will be exchanged. In sum, Plaintiff has agreed to dismiss the case for a waiver of fees and costs only.

## THE REQUEST FOR DISMISSAL SHOULD BE GRANTED WITHOUT NOTICE

Federal Rule of Civil procedure 23(e) provides, in pertinent part: "Settlement, Voluntary Dismissal, or Compromise.  The claims, issues, or defenses of a *certified* class may be settled, voluntarily dismissed, or compromised only with the court's approval…" (Emph. added.)  Although the rule does not expressly require court approval for the voluntary dismissal of pre-certified claims, "the Ninth Circuit has held that Rule 23(e) also applies to settlements before certification, but in a much lighter form that does not entail 'the kind of substantive oversight required when reviewing a settlement binding upon the class.'"  *Dunn v. Teachers Ins. & Annuity Ass'n of America,* No. 13-cv-05456-HSG at *9 (N.D. Cal. Jan. 13, 2016), *citing, Diaz v. Trust Territory of Pac. Islands,* 876 F.2d 1401, 1408 (9th Cir. 1989).  "[C]ourts in [the Ninth] circuit continue to follow *Diaz* to evaluate the proposed settlement and dismissal of putative class claims."  *Dunn* at *10, *citing, e.g., Tombline v. Wells Fargo, N.A.*, No. 13-cv-04567, 2014 U.S. Dist. LEXIS 145556, 2014 WL 5140048 at *2 (N.D. Cal. Oct. 10, 2014); *Luo v. Zynga, Inc.,* No. 13-cv-00186, 2014 U.S. Dist. LEXIS 13225, 2014 WL 457742, at **3-4 (N.D. Cal. Jan. 31, 2014).

Pursuant to *Diaz*, in deciding whether to grant a request for dismissal of pre-certification claims, the Court must consider whether putative class members will be prejudiced as a result of: (1) "possible reliance on the filing of the action if they are likely to know if it either because of publicity or other circumstances"; (2) "lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations"; and (3) "any settlement or concession of class interests made by the class representative or counsel in order to further their own interest." *Dunn* at **10-11, *citing, Diaz* at 1408.  This analysis must be made "to determine whether the proposed settlement and dismissal are tainted by collusion or will prejudice putative members." *Dunn* at *11, *citing, Tombline, supra*, 2014 U.S. Dist LEXIS 14556, 2014 WL 5140048, at *2

(internal citations and quotations omitted).  If the court concludes that the settlement creates the possibility of prejudice or other unfair results to the putative class, "district courts may require notice to putative class members." *Dunn* at *11, *citing, Diaz* at 1408-11.

In addition, Paragraph 48 of the Standing Order For Civil Cases before Judge Vince Chhabria provides:

> In the event of a pre-certification settlement of a proposed class action involving the individual named plaintiffs only, the named plaintiffs may not simply dismiss the lawsuit without court approval.  Rather, the parties must submit a request for dismissal explaining how a dismissal would not prejudice the unnamed class members whose claims are not being resolved by the settlement.  In particular, the parties must consider whether the unnamed class members need to be notified of the dismissal.  *See, e.g., Dunn v. Teachers Ins. & Annuity Ass'n of Am.,* No. 13-cv-05456-HSG, 016 WL 153266, at *3 (N.D. Cal. Jan. 13, 2016); *Tombline v. Wells Fargo Bank, N.A.,* No. 13-cv-04567-JD, 2014 WL 5140048 (N.d. Cal. Oct. 10, 2014); *Lyons v. Bank of Am., N.A.,* No. 11-cv-01232-CW, 2012 WL 5940846 (N.D. Cal. Nov. 27, 2012); *see also Diaz v. Trust Territory of Pac. Islands,* 876 F.2d 1491m 1408 (9th Cir. 1989).

Here, dismissal of the claims of the unnamed class members would cause them no prejudice. First, it is highly unlikely that putative class members have relied on the filing of the action as there has been minimal publicity regarding the case and even then, that occurred in legal forums unlikely to have been read by any consumer.  "[L]ack of media coverage makes it unlikely that similarly situated [putative class members] knew of Plaintiffs' lawsuit and relied on it for vindication of their own rights." *Lyons, supra,* at **5-6, *citing Mahan v. Trex Company, Inc.,* 2010 U.S. Dist. LEXIS 130160, 2010 WL 4916417 (N.D. Cal. Nov. 22, 2010) at *3.  However, even if some putative class members may have seen the publicity relating to, or otherwise relied on, Plaintiff's lawsuit, application of the other two *Diaz* factors militates against a finding of prejudice. *Lyons* at *6.

Finally, there has been no settlement or concession of class interests as the class claims are being dismissed without prejudice.  As such, putative class members are free to bring their own

claims if the so wish.  In addition, the class representatives and counsel have not furthered their own interests because neither has received any consideration, monetary or otherwise, for the dismissal of the claims other than a mutual waiver of fees and costs associated with the case.

For the foregoing reasons, the dismissal of this action requested herein presents little, if any, possibility of prejudice or other unfair results to the putative class such that notice to the class should be required.  Further, "courts have moved away from the idea that notice is required for all pre-certification dismissals." *Diaz* at 1407.

## CONCLUSION

For all the foregoing reasons, the Parties respectfully request that the Court dismiss the claims of the individual Plaintiff with prejudice, and dismiss the claims of absent putative class members without prejudice, and without notice.

Dated:  November 5, 2020			**ANDERSON + WANCA**

					*/s/ Ryan M. Kelly*
					Ryan M. Kelly (*admitted pro hac vice*)

					**LAW OFFICES OF S. CHANDLER VISHER**
					S. CHANDLER VISHER S.B.N. 52957

Dated:  November 5, 2020			**POLSINELLI LLP**

					*/s/ Noel S. Cohen*
					Noel S. Cohen (S.B.N. 219645)

### ATTESTATION PURSUANT TO LOCAL RULE 5-1(i)(3)

I, Ryan M. Kelly, am the ECF User whose identification and password are being used

to file this document.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that all signatories have concurred in this filing.

                                            *s/ Ryan M. Kelly*
                                            Ryan M. Kelly

JOINT REQUEST FOR DISMISSAL WITH [PROPOSED] ORDER